## MACK and others *v.* LANCASHIRE INS. CO.

*(Circuit Court, E. D. Missouri.* ———, 1880.)

PLEADING—ANSWER—GENERAL DENIAL.—Under the rules of pleading established by the state of Missouri, as modified by the act of 1875, affirmative matters of defence cannot be set up under a general denial.

Demurrer to answer.

*Noble & Orrick,* for plaintiffs.

*O. B. Sansum* and *B. Gratz Brown,* for defendant.

TREAT, J., *(orally.)* There is a demurrer to the second count of the answer. In the course of the argument I directed the attention of counsel to a great many matters, not because this case involved all of the inquiries suggested, but to get their assistance in order that I might settle, as far as is practicable, in my own mind, the rules of pleading under the statute of the state. I should like to write an opinion as to the effect of the state act of 1875, but I think I can state my views intelligibly. Here is an action under a fire policy containing many provisions. The only point under consideration is, how must the pleadings in this case, under the rules of pleading established by the state, as modified by the act of 1875, be made up? The plaintiffs here aver a contract under the terms of which they, having done certain things, are entitled to recover. There are warranties and other matters contained in the policy which constitute substantive matters of defence, and which the party can set up, whereby he can defeat the right of recovery. How shall those matters be set up?

The state statute of 1875 permits, instead of a specific denial as to each of the allegations, a general denial; but it does not, and I wish this distinction understood as the rule of the court, it does not permit, under a general denial, affirmative matters of defence to be set up. But if a party has an affirmative matter of defence to be set up, as to a breach of warranty or other matters of that kind, which may occur under a policy, he must set them up affirmatively and separately. Let me illustrate: This is an ordinary form of a declaration on a fire policy; the policy is set out; the plain-

tiff avers loss, notice, proof of loss, etc. That is all he is required to do. The answer says: "And the said defendants, for further answer to the matters and things in the said plaintiff's petition stated and set forth, say that they admit that they are a body corporate under the laws of the United Kingdom of Great Britain and Ireland; they admit that they are prosecuting the business of fire insurance in the said state of Missouri; they admit that they made and delivered to the firm of Mack & Co. the several policies of insurance filed as exhibits 'A' and 'B' in said case, to insure the said firm" for the period of one year from 1878, terminating in 1879; "they admit that some goods of the description in the said several policies mentioned were damaged and consumed by fire on the fourth day of April, in the year A. D. 1879; they admit that the plaintiffs gave defendants due and proper notice of said fire; they admit that on the twelfth day of May, in the year last aforesaid, plaintiffs delivered to defendants certain papers called preliminary proofs of their alleged loss and damage, in the proofs stated and set forth, as they have in said petition stated and set forth; that they had in said building, at the time said fire occurred, goods of the description in said policy mentioned, the property of the plaintiffs, of the value of $78,219.32; but defendants deny that the goods so damaged and consumed by said fire were of the value stated by the plaintiffs; and, on the contrary thereof, the defendants say that the whole value of said goods so consumed and damaged by said fire did not exceed the sum of $48,000, of which the defendants then and there gave notice to plaintiffs,"—that is a defence *pro tanto*,—"and defendants offered to fix said loss and damage with the plaintiffs at the sum of $48,-000, but the plaintiffs refused to fix said loss and damage at said last mentioned sum, and persisted in claiming that at the time said fire occurred said goods were of the value of $78,219.32; and the defendants say that as to all other matters and things in said petition stated and set forth the defendants deny the same, and each and every allegation thereof, in manner and form, as the same are in said petition stated and set forth." I presume that last clause was out of abun-

dant caution. Every allegation is specifically admitted here on which the plaintiffs' right to recover exists; and the issue is on the affirmative matter of defence.

"For a further and second defence to the matters and things in said petition stated and set forth, defendants say that said policies were made and delivered to plaintiffs upon condition that plaintiffs would faithfully observe, perform and keep certain conditions and stipulations in said policy stated and set forth."

[Here followed a large number of conditions common to fire policies.]

They are conditions precedent and subsequent, put into one general allegation. Now I hold that, under the practice of the state courts, no such pleading is admissible. It would be a very sad thing if it were. If a party has any defence on which he relies, the statute requires that he shall set it up as a matter of defence separately—each by itself. They go to defeat the right of recovery. Defendant admits that what the plaintiffs have stated is correct, but yet sets forth that there are other matters, despite what they have stated, which go to defeat their right of recovery. And each of those must be *specifically* set up—not in gross. If the defendant will look at his pleading he will find that he has cut out of the policy not only matters going to defeat the right of recovery—such as provisions as to warranty, etc., subsequent to the beginning of the policy—but also conditions precedent which are put in issue by his denial. Yet go a little deeper. "Defendants aver that, as to all of said stipulations and conditions, except the giving to defendants notice of said fire, plaintiffs have neglected and refused to perform and observe the same, and that all of said conditions and stipulations, except the giving of said notice of said fire to said defendants, remain unperformed, unobserved, and wholly disregarded by the plaintiffs." What? The plaintiffs are entitled to recover on the face of their pleadings unless something else has happened which is an affirmative matter of defence. Now, in the defendant's pleading all those matters of affirmative defence are

mixed with the precedent matter under one count, and say "he has not done or performed *all*." That is bad pleading.

Here is a specific matter of defence: "For a third and further defence to the matters and things in said petition stated and set forth, the defendants say that after the happening of the said alleged loss and damage to said goods, to-wit, on the twelfth day of May, in the year A. D. 1879, the plaintiffs appeared in the city of St. Louis, before James P. Dawson, a notary public, duly commissioned and authorized to administer oaths in said city, and then and there plaintiffs, in writing, made preliminary proof of their said alleged loss and damage, and in said writings, among other things set forth, the plaintiffs stated that, at the time said alleged loss and damage happened as aforesaid, the plaintiffs had, in said building in said policies described, a large quantity of goods of the description mentioned, of the value of $78,219.32, and that the same were consumed and damaged by said fire; and then and there plaintiffs signed their names to said preliminary proofs, and made oath before the said James P. Dawson that the matters and things in the said preliminary proofs stated and set forth were true, and then and there the plaintiffs delivered the said preliminary proofs of their said loss to the defendants, and demanded of the defendants payment of the sum of $8,000, *pro rata*, as for a total loss of the said sum of $78,000; whereas, in truth and in fact, the whole value of said goods at the time of the said loss and damage, happening as aforesaid, did not exceed the sum of $48,000, as the plaintiffs then well knew. And the defendants aver that the plaintiffs made the said false statements in said preliminary proofs of said loss, and delivered the same to the defendants, with the fraudulent intent to induce defendants to believe that, at the time the alleged loss and damage happened as aforesaid, the said goods so damaged and consumed by said fire were of the value of $78,000; and with the fraudulent intent to conceal from the defendants the actual value of the goods so damaged and consumed by said fire; and with the fraudulent intent to induce defendants to believe that they were bound to pay to the plaintiffs the sum of $8,000;

all of which defendants aver was an attempt by the plaintiffs to defraud the defendants in the premises, and is contrary to the terms of said policies."

That comes, evidently, if true, under one of these provisions of the policy which the party has selected, to-wit: "Any fraud or attempted fraud by false swearing, etc., shall cause the forfeiture of the policy and be a complete bar." That is set up under that provision, I suppose.

The fourth defence is that the fire was caused by the plaintiffs themselves.

The only question raised by the demurrer is whether, in an action of this character, these conditions, precedent and subsequent, may be pleaded in gross.

The statute, as I interpret it, is this: You may put in a general denial as to each allegation on which the plaintiffs' right of recovery depends, instead of putting, as heretofore, a specific denial of each *seriatim;* but when you come to affirmative matters you must then specify each matter of defence according to the rules of pleading pertaining thereto. The demurrer is sustained.